IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-255-BO

| | | |
|---|---|---|
| TIMOTHY E. MALLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 22 & 23]. A hearing on this matter was held in Raleigh, North Carolina on October 31, 2013 at 3:00 p.m. For the reasons discussed below, defendants motion is GRANTED, plaintiff's motion is DENIED and the decision of the Commissioner is AFFIRMED.

## BACKGROUND

On September 15, 2009, plaintiff, Timothy Malloy filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleged a disability onset date of December 12, 2008. The earnings record indicates that Mr. Malloy has acquired sufficient quarters of coverage to remain insured for DIB through March 31, 2014. (Tr. 173–74). The claims were denied initially and on reconsideration and a request for hearing was timely filed. (Tr. 121).

Administrative Law Judge ("ALJ") Robert J. Phares presided at a hearing on January 18, 2011. A Vocational Expert ("VE") testified at the hearing. The ALJ issued an unfavorable

decision on March 2, 2011 (Tr. 12–18). Plaintiff subsequently filed a request for review with the Appeals Council. (Tr. 7). The Appeals Council denied review of the hearing decision on August 30, 2012, (T. 1–3) making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed a complaint in this Court pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Plaintiff is currently 48 years old and was 44 years old at the time he alleges he became disabled. Mr. Malloy suffers from malignant hypertension with congestive heart failure, acute and chronic renal failure, diabetes mellitus type 2, and severe obstructive sleep apnea.

On December 24, 2008, plaintiff visited Berwick Medical Center in Laurinburg, North Carolina to establish care. His chief complaint was uncontrolled hypertension. Mr. Malloy indicated he had difficulty affording his medications and complained of headaches. The assessment was malignant hypertension, and he was prescribed medication. (Tr. 252–54). During a follow up visit on January 6, 2009, it was noted his blood pressure was still elevated and as of January 12, 2009, his hypertension was still uncontrolled. (Tr. 250–51).

Mr. Malloy had a consultative evaluation with Dr. Samuel Wesonga on October 22, 2009. He complained of high blood pressure, fatigue, swollen feet, and breathing problems. Dr. Wesonga noted that plaintiff was in respiratory distress and that his blood pressure was markedly elevated. Mr. Malloy was immediately taken to the emergency care center of Nash General Hospital for treatment. (Tr. 256). Upon arrival at the hospital, plaintiff was placed on oxygen due to severe shortness of breath. An echocardiogram was performed which indicated congestive heart failure. The test showed severely reduced left ventricular systolic function with ejection fraction of 25%, severe global hypokinesis of the left ventricle, moderate concentric left ventricular hypertrophy, moderately dilated left atrium, and trace aortic regurgitation. (Tr. 275).

2

The admitting diagnoses were pneumonia, hypertensive emergency, congestive heart failure, and acute respiratory failure. (Tr. 262). Mr. Malloy was released from the hospital on October 27, 2008. (Tr. 282).

On December 23, 2009, Mr. Malloy returned to the emergency care center of Nash General Hospital, with uncontrolled hypertension. (Tr. 286). Chest x-rays showed congestive heart failure pattern, his malignant hypertension was treated with clonidine and labetalol, and he was diagnosed with diabetes mellitus type 2. (Tr. 286–90). He was released on December 25, 2009 with several medications. *Id.*

Plaintiff has also been treated by Dr. Ronald Hughes. He presented on January 28, 2010 needing a refill of his medications and complaining of bilateral leg swelling. He indicated that he still had shortness of breath with exertion and got tired after walking a couple of yards. Dr. Hughes renewed his prescriptions and instructed Mr. Malloy to return for blood pressure checks. (Tr. 308–10). On April 26, 2010, plaintiff returned to Dr. Hughes for a follow up. His prescription were refilled and he was told to start Metformin for his diabetes. (Tr. 292–95).

Plaintiff now receives his primary care at the Durham Veteran Affairs Medical Center. He was diagnosed with severe obstructive sleep apnea and a CPAP machine was recommended. Plaintiff continues to take multiple medications to control hypertension and diabetes mellitus. (Tr. 406–07).

Mr. Malloy testified that he still has problems with high blood pressure and suffers from fatigue and low energy due to his hypertension. (Tr. 30). His blood sugars fluctuate - when his blood sugar is high he complains of drowsiness and when it is low, his hands shake. (Tr. 31). Plaintiff also described numbness in his feet (Tr. 32). At the time of his hearing, he was being treated at the VA Medical Center for high blood pressure, diabetes, and sleep apnea. (Tr. 34).

Mr. Malloy also described his problems with shortness of breath. (Tr. 35). He testified that he gets short of breath with daily activities and has difficulty conducting household chores and takes frequent breaks. (Tr. 37). He testified that he can only stand for 25-30 minutes at a time and is unable to be in the grocery store for more than 15 minutes. (Tr. 38–39).

## **DISCUSSION**

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual

4

functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, plaintiff argues that the ALJ erred by in finding Mr. Malloy had the RFC to perform sedentary work, and in his credibility determination of Mr. Malloy's testimony. Regarding his testimony, plaintiff specifically alleges that the ALJ erred by finding plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not credible. He argues that his testimony is consistent with the evidence and therefore entitled to great weight. This Court disagrees. The ALJ adequately discussed plaintiff's testimony and noted various reasons as to why he did not find plaintiff's testimony to be entirely credible.

The ALJ noted that on more than one occasion, plaintiff's elevated blood pressure was linked to running out of medication, and that with treatment, his pressure returned to normal. (Tr. 16, 286, 310). Once the plaintiff began receiving regular treatment, he demonstrated significant improvement. (Tr. 16). Symptoms that are controlled by medication or treatment are not disabling. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986). Although plaintiff's difficulty in complying with his treatment was linked to financial constraints, he was referred to a medical clinic offering free care for chronic conditions, as well as free prescription assistance. (Tr. 286). Further, plaintiff receives treatment from the VA Medical Center in Durham, and his records there generally show that his condition is being controlled by his treatment. (Tr. 16, 38, 318, 328, 344, 376, 402, 413, 421, 425, 438, 517, 566). Plaintiff failed to cite any evidentiary support for

5

his allegations. The ALJ's credibility determination is supported by substantial evidence in the record and must be affirmed.

Plaintiff relies entirely on his subjective testimony to support his argument that the ALJ erred in finding him capable of performing sedentary work. Plaintiff alleges that he would fall asleep and therefore cannot perform sedentary work, but the record contradicts this. (Tr. 16, 292–93, 306, 308–09, 319, 328, 403, 413, 421, 425–26, 437, 517, 566). Plaintiff also alleges that he has breathing issues and cites his statement about cleaning his bathroom as evidence of this. However, plaintiff specifically testified about the odor of the breathing supplies making him want to vomit. (Tr. 37). Additionally, the physical examinations general showed clear lungs with no breathing difficulty. (Tr. 15–17, 253, 284, 287, 293). The ALJ's finding is once again supported by substantial evidence in the record. Accordingly, this Court affirms the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is DENIED, the defendant's motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED.

This ⑤ day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE